MHW

FILED
MAY 0 6 2008
5-6-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE

UNITED STATES FEDERAL DISCTICT COURT

FOR THE

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| Paulette E. Pahlke, | ) | 08CV2589 |
| Plaintiff, | ) | JUDGE HOLDERMAN |
| | ) | MAGISTRATE JUDGE COX |
| v. | ) | No. _____ |
| | ) | |
| Clearbrook, | ) | JURY DEMANDED |
| an Illinois not for profit corp. | ) | |
| Defendant. | ) | JUDGE |

COMPLAINT FOR EMPLOYMENT DISCRIMINATION PURSUANT TO VIOLATION
OF TITLE VII AND FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Now comes, the Plaintiff, Paulette E. Pahlke ("PAULA"), by and through her attorney, Steven A. Miner and for her Complaint for Employment Discrimination Pursuant to Violation of Title VII and for Intentional Infliction of Emotional Distress against the Defendant, Clearbrook, an Illinois not for profit corporation ("CLEARBROOK"), states as follows:

PARTIES

1. PAULA is a white female and is a resident of the State of Illinois, County of Cook. She currently resides at 809 Lill Street, Barrington, Illinois. PAULA is a registered nurse and was an employee of CLEARBROOK at the time of the alleged reverse discrimination.

2. CLEARBROOK is an Illinois not for profit corporation which provides services for challenged individuals. In the state of Illinois. CLEARBROOK has various locations throughout Cook County, Illinois and on information and belief employees more than five hundred individuals.

JURIDICTION

3. This matter is brought under 42 USC section 2000 (e) – 5 (b).

VENUE

4. Venue is proper in the Northern District of Illinois, Eastern Division.

## FACTS

5. PAULA was an employee of CLEARBROOK. She began as a part time registered nurse in March of 1998 for a compensation of eighteen dollars per hour ($18.00). At the time of her discharge, she was a full time registered nurse, earning twenty four dollars and ninety one cents per hour ($24.91).

6. On June 6, 2007, PAULA was terminated for an incident that occurred on May 2, 2007 wherein a client was injured and ultimately died. She was the registered nurse on duty at that time. A copy of the termination is attached hereto and made a part hereof. PAULA was terminated even though the in house review of the matter which was conducted on June 6, 2007 unequivocally states that the outcome was not preventable as a result of any actions that were committed or omitted during the care of the client.

7. PAULA filed a timely charge with the EEOC, a copy of which is attached hereto and made a part hereof.

8. The EEOC rendered its decision on February 8, 2008, a copy of which is attached hereto and made a part hereof.

9. On the day in question, May 2, 2007, a female African American client fell or was pushed. No incident report was filed. PAULA was the nurse on duty.

10. On May 7, 2007, the client was sent to Northwest Community Hospital ("HOSPITAL") and examined by a physician. The HOSPITAL returned the client to CLEARBROOK.

11. On May 9, 2007, the client returned to the HOSPITAL and was diagnosed with a subdural hematoma. A crainiotomy was performed that evening and the client returned to CLEARBROOK on May 12, 2007.

12. On May 14, 2007, PAULA and an aide were asked to initiate false incident reports regarding the May 2, 2007 incident because surveillance tapes indicated that the client was pushed by another client and fell. An African American Aide who had walked by the fallen client, never reporting the incident to anyone.

13. On May 16, 2007, the client returned to HOSPITAL for tests and returned the same day with no further medical instructions.

14. On May 19, 2007, the Medical Director ordered neurological checks every two hours and the client was sent back to the HOSPITAL. The client returned to CLEABROOK with no new orders.

15. On May 21, 2007 the client returned to the HOSPITAL for more testing. She was returned to CLEARBROOK with no new orders.

16. On May 23, 2007, the client expired.

## COUNT I - DISCRIMINATION

17. On May 24, 2007, PAULA offered to resign as she was the registered nurse on duty and was told by the Director or Nursing that none of the circumstances with the client were the fault of PAULA and confirmed that she had done nothing wrong.

18. PAULA was made aware of a meeting on May 30, 2007 with Jeri Phillips, the African American Licensed Practical Nurse ("LPN") who was the union steward for the LPN's and the aides, as Registered Nurses are not allowed to be part of the union. Further, the Illinois Department of Public Health investigated an anonymous complaint on the same day.

18. On June 1, 2007, PAULA was told by Jean O'Connor, an agent of CLEARBROOK that the African American Staff members wanted PAULA terminated and that they were going TO boycott CLEARBROOK's employment if PAULA was not terminated.

19. PAULA was terminated because she is white and the African American Aides threatening to boycott CLEARBROOK if no action was taken against her.

20. The in house Medical Professions Meeting ("MPM") that was held on June 6, 2007 and emailed to PAULA, clearly states that

> " . . . the final outcome was not preventable as a result of any actions that were committed or omitted during the care of the client." (1)

It goes on to say at number 2 that

> "It was noted by a few of the RN's that the care of the clients at NWCH and the condition that they are in when the (SIC) return from a hospitalization has been less than acceptable."

The notes are attached hereto and made a part hereof.

21. Consequently, the client's death, as referenced in the MPM notes, was not the result of any action or lack of action on the part of PAULA. PAULA has always conducted herself in a professional manner and has always met the expectations of CLEARBROOK. All of PAULA's employee reviews were awarded an "excellent" mark.

22. PAULA was terminated solely because she is Caucasian; the client that died was African American, and the African American Aides threatened CLEARBROOK with a boycott in the event that no action was taken against PAULA.

23. CLEARBROOK acted with malice and reckless disregard in terminating PAULA, knowing that their own in house examination revealed that "THE FINAL OUTCOME WAS NOT PREVENTABLE AS A RESULT OF ANY ACTIONS THAT WERE COMMITTED OR OMITTED DURING THE CARE OF THE CLIENT." See Medical Professionals Meeting notes of June 6, 2007, attached hereto. To make matters worse, CLEARBROOK requested that, PAULA and some of the other

aides, create records as if they were made on the day in question, which PAULA did as requested. CLEARBROOK then fought her attempts to get unemployment compensation, knowing that their own internal investigation revealed that PAULA was not to blame for the death of the client.

24. In addition to losing her job, PAULA was forced to seek medical and mental health assistance in dealing with these events. PAULA continues to use medication to assist her in coping with the events that occurred.

25. PAULA has mitigated her damages by accepting part time employment which she is hopeful will lead to full time employment as it did with CLEARBROOK.

26. Further, PAULA has been forced to incur attorney's fees and costs as a result of CLEARBROOK's wrongful termination.

WHEREFORE the Plaintiff, Paulette E. Pahlke, prays for the entry of an order against the Defendant, Clearbrook, an Illinois not for profit corporation, as follows:

A. For compensatory damages which resulted from the Defendant, Clearbrook, wrongful discharge of the Plaintiff, Paulette E. Pahlke in an amount commensurate with the maximum statutory amount allowable by law.

B. For punitive damages which resulted from Defendant, Clearbrook's malicious and reckless disregard in terminating the Plaintiff, Paulette E. Pahlke, in an amount commensurate with the maximum statutory amount allowable by law.

C. For back pay for the time that Plaintiff, Paulette E. Pahlke has been unemployed and the discrepancy in pay that has resulted from her obtaining of employment in an effort to mitigate damages.

D. For reimbursement for all medical and mental health expenses that the Plaintiff, Paula E. Pahlke has incurred.

E. For attorney's fees and costs.

F. For such other and further relief as this Court deems just and equitable.

COUNT II -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-26. PAULA adopts and realleges paragraphs one through twenty-six of Count I as paragraphs one through twenty six of this Count II as though fully set forth herein.

27. CLEARBROOK's termination of PAULA was extreme and outrageous in light of the fact that they had already conducted an internal examination and found that nothing that was "committed or omitted" would have prevented the death of the client.

28. PAULA offered to resign and was told that she did nothing wrong and had had an

exemplary service record to CLEARBROOK.

29. CLEARBROOK knew that PAULA had an ongoing relationship with the clients and, regardless of fault, was upset over the death of this client.

30. CLEARBROOK knew that the nurses had questioned the standard of care at the HOSPITAL because in Agenda Item number 2 of the Medical Professionals Meeting it states,

> "It was noted by a few of the RN's that the care of clients at NWCH and the condition that they are in when the (SIC) return from a hospitalization has been less than acceptable." . . .

PAULA had questioned the care that the client was receiving at the HOSPITAL.

31. CLEABROOK knew that the wrongful termination would cause emotional distress.

32. CLEARBROOK conduct has caused PAULA'S emotional distress.

33. As a result of CLEARBROOK's actions, PAULA needed to obtain medical and mental health care.

34. Punitive damages should be allowed as CLEARBROOK's conduct was improperly motivated by the threats that they had been given by the African American Aides calling for PAULA'S resignation. CLEARBROOK had already conducted an internal investigation and concluded that PAULA had not violated any standard of care. In disregard of their own internal investigation, they fired PAULA.

WHEREFORE the Plaintiff, Paulette E. Pahlke, prays for the entry of an order against the Defendant, Clearbrook, an Illinois not for profit corporation, as follows:

A. For a Judgment in favor of the Plaintiff, Paulette E. Pahlke and against the Defendant, Clearbrook, an Illinois not for profit corporation in excess of fifty thousand dollars ($50,000.00) for the intentional infliction of emotional distress.

B. For a Judgment in favor of Plaintiff, Paulette E. Pahlke and against the Defendant, Clearbrook, an Illinois not for profit corporation, for punitive damages which result from the improperly motivated firing of the Plaintiff in an amount commensurate with the maximum amount allowable for statute.

C. For attorney's fees and costs.

D. For such other and further relief as this Court deems just and equitable.

Steven A. Miner  
28 Rolling Hills Drive  
Barrington, Ill. 60010  
847 551-3135

Paulette E. Pahlke  

by _____  
Attorney for Plaintiff

**Paula Pahlke**

| | |
|---|---|
| **From:** | CBoyar |
| **Sent:** | Wednesday, June 06, 2007 2:10 PM |
| **To:** | Bernita Simani; Beth Anderson; Carl LaMell; Carolyn Vogel; Cary Patty; CBoyar; David Boggs; Deb Giacalone; Dolores Costales; Hollis Gorrie (Rowan); Ilene Rosenberg; Jennifer Horn; Jinnie Sullivan; Joe Lawler; Kate Lyons; Kathy Travosek; Marge Dalton; Michelle Albanese; Paula Pahlke; Peggy Cimaglio; Reena Varkey; Sam Tenuto; Sheila Lullo; Stacey Bellomo; Steven StLouis; Susan Kaufman; Vicky Chavez |
| **Subject:** | MEDICAL PROFESSIONALS MEETING |

## MEDICAL PROFESSIONALS MEETING
### 6th, June 2007

**PRESENT:** M. Albanese, V. Chavez, D. Giacalone, K. Lyons, K. Travosek, F. Dawodin, R. Varkey, J. Horn, J. Sullivan, I Gelb
C. Boyar
**ABSENT:** D. Costales
**Excused:** P. Pahlke P Cimaglio

**Follow Up On Action Items:**  None

**Agenda Items:**

1. Case review. Nearly the entire meeting was spent on a case review of a subdural hematoma in a Clearbrook client that recently occurred at the Commons. The review consisted of a discussion of the events that transpired and that the final out come was not preventable as a result of any actions that were committed or omitted during the care of the client. A clear emphasis was placed on medical professionals responding to clients and the observations of DSP and habaide workers observations and requests. Underscoring the need for documentation, incident reports, and assessments regardless of how trivial, the events or incidents may seem. Teaching, training and giving credibility to the observations of all Clearbrook employees, regardless of their positions.
2. It was noted by a few of the RN's that the care of clients at NWCH and the condition that they are in when the return from a hospitalization has been less then acceptable. Documenting these events including pictures would be helpful. In the event of a non emergent transport clients could always

be brought to Alexian Brothers Hospital if it were felt that the personal care would be improved. There has been a stream of dialogue with NWCH as of late to enhance communication between nursing and discharge planning. NWCH has been gracious in donating equipment and improving services with Clearbrook clients.

3. The standard of care for Clearbrook clients should be the standard for the general community at large and deviation of that standard is not acceptable. Breaches in the standard should be reported to the Medical Director.
4. Performance measures should be submitted by the next meeting with appropriate documentation as previously requested. Please submit all material that you can in an electronic format. Have director sign off on all necessary items.
5. Reena has developed a Universal Patient Information and Transform form modified from one Developed by the AMDA. This can be used by all facilities of Clearbrook when transferring a patient to the hospital.

**Next meeting:** Wednesday 11th July 2007 9:30 at the Commons

**Minutes submitted by:** Carl Boyar M.D., MEDICAL DIRECTOR

**MINUTES SUBMITTED BY:** CARL BOYAR MEDICAL DIRECTOR
**Copies to:** M. Albanese V. Chavez, P Cimaglio, D. Costalis, F. Dawodin, D. Giacalone, K. Lyons, J. Sullivan, K. Travosek, R. Varkey C. Vogel, C. Boyar J. Horn, S. McDaniel, P. Pahlke, H. Rowan, I. Rosenberg, J. Lawler, M. Dalton, S. Tenuto, S. Lullo, S. Bellomo, S. St Louis, S. Kaufman, B. Anderson, B. Simani, C. LaMell, D. Boggs,

*Carl Boyar M.D., Medical Director*
*Clearbrook*
*1835 W. Central Road*
*Arlington Heights, IL 60005*
*Tel. 1.847.385.5022*
*Email cboyar@clearbrook.org*

6/28/2007

## Employee Warning Report

| | | | | |
|---|---|---|---|---|
| Employee Name | Paula Pahlke | Date of Warning | 6/6/2007 | Dept. Nursing |
| Shift | P.M. shift | Title | | Registered Nurse |

**Type of Warning:**   Verbal   Written   Suspension   **(Termination)**

**Type of Violation:** Neglect of duty

**Violation Date(s):** 5/2/2007

**Violation Time(s):** Approximately 6:10 P.M.

**Violation Location:** Near East Side Nursing Station

**Company Statement:** *(Please use section on back if additional space is needed)*
On 5/2/07 at approximately 6:10 p.m., a staff member approached Paula in the Nurses' office to inform her that one client reported that another client had pushed them down. The client was seated on the floor near the Nurses' station on the East Side. After being informed of the incident, Paula did not leave the Nurses' office for approximately 2 1/2 minutes and did not physically examine the client, who had sustained a serious injury. In addition, she did not document the report from the client.

**Employee Statement:** *(Please use section on back if additional space is needed)*
  I agree with the company statement    **(I disagree with the company statement)**

Comments: I do not believe Shinada came into the office at no time did anyone say Mary was lying face down unconscious or unresponsive.

I have entered my statement of the above matter.
Employee Signature: *Paula Pahlke*

**Warning Decision:**
Paula's actions were not congruent with providing adequate nursing care for the clients and therefore her employment is terminated.

| Previous Warnings in the past 12 months | I have read and understand this warning decision. |
|---|---|
| **1st Warning** Date: Type: Reason: | Employee Signature: *Paula Pahlke*   Date: 6/6/07 |
| **2nd Warning** Date: Type: Reason: | *Leene Darley*   Date: 6/6/07  **(Supervisor's Signature)** or Signature of Person who prepared warning |
| | N/A  Coordinator Signature   Date |
| **3rd Warning** Date: Type: Reason: | *[signature]* Director Signature   Date: 6/6/07 |
| | V.P.'s Signature   Date |

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Carl LaMell<br>Presdent<br>CLEARBROOK<br>1835 W. Central Rd.<br>Arlington Heights, IL 60005 | **Paulette Pahlke**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>**440-2007-06317** |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act   [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act   [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **17-AUG-07** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Robert Carmichael,
Investigator
_____
EEOC Representative

Telephone   (312) 886-7494

Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

Enclosure(s): [X] Copy of Charge

---

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

---

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| July 19, 2007 | John P. Rowe,<br>District Director | John P. Rowe |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2007-06317 |
|---|---|---|

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Paulette Pahlke | Home Phone (Incl. Area Code)<br>(847) 382-2983 | Date of Birth<br>10-21-1951 |
|---|---|---|
| Street Address<br>809 Lill Street, Barrington, IL 60010 | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>CLEARBROOK | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(847) 870-7711 |
|---|---|---|
| Street Address<br>1835 W Central Rd, Arlington Heights, IL 60005 | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-06-2007    Latest: 06-06-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with the above Respondent in March 1998. My most recent position was Registered Nurse. On or about June 6, 2007, I was discharged.

I believe that I have been discriminated against because of my race, White, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
JUL 19 2007
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 19, 2007     /s/ Paulette Pahlke
Date              Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EEOC Form 161 (3/98)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Paulette Pahlke<br>809 Lill Street<br>Barrington, IL 60010 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

Certified Mail 7001 0320 0006 1098 2955

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-06317 | Robert Carmichael,<br>Investigator | (312) 886-7494 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

John P. Rowe,
District Director

2/8/08 (Date Mailed)

Enclosures(s)

cc:    CLEARBROOK