IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULETTE E. PAHLKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08CV2589 |
| ) | |
| CLEARBROOK, an Illinois not for profit ) | Judge Holderman |
| corporation, ) | Magistrate Judge Cox |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

NOW COMES Defendant, Clearbrook, an Illinois not for profit corporation, by and through its attorney, Devlin J. Schoop of Laner, Muchin, Dombrow, Becker, Levin & Tominberg, and requests that this Honorable Court enter an order dismissing Count II of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its Motion, Defendant states as follows:

**A.    BACKGROUND**

1.    This is a "reverse discrimination" action purportedly brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(b). Plaintiff, Paulette Pahlke ("Plaintiff"), a registered nurse and former employee of Clearbrook, alleges that she was fired because of her race (Caucasian) after African-American nurses aides allegedly demanded that Clearbrook fire Plaintiff in response to a May 2, 2007 incident where Pahlke neglected her duty when she failed to provide medical care to an African-American client in a timely manner. (Compl. at ¶¶18, 34) The client ultimately died (Compl. at ¶16), and Pahlke alleges that "the African-American Staff

members wanted [Plaintiff] terminated and . . . they were going to boycott Clearbrook's employment [sic] if [Plaintiff] was not terminated." (Compl. at ¶18)

2.  In addition to her federally based Title VII claim in Count I, Plaintiff also asserts an Illinois common law claim for intentional infliction of emotional distress ("IIED") in Count II.  It is clear from the facts expressly alleged in the Complaint that the alleged discriminatory acts that are the basis for Plaintiff's Title VII claim in Counts I are also the sole factual basis for her IIED claim in Count II. (*See* Compl. at ¶¶1-26, 34)

**B.  SUMMARY OF ARGUMENT**

Count II of Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because the Illinois Human Rights Act ("IHRA") preempts Plaintiff's purported common law tort claim for IIED.  More specifically, because Plaintiff's IIED claim allegedly arose directly from, and is inextricably intertwined with alleged discriminatory employment practices that are within the exclusive jurisdiction of the IHRA, these claims are preempted by the IHRA.  *Quantock v. Shared Marketing Services, Inc.*, 312 F.3d 899 (7th Cir. 2002); *Maksimovic v. Tsogalis*, 177 Ill.2d 511, 687 N.E.2d 21, 22-23 (1997); *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 605-06 (7th Cir. 2006); *Veazey v. LaSalle Telecommunications, Inc.*, 334 Ill. App.3d 926 (Ill. App. Ct. 2002).

**WHEREFORE**, for these reasons and the reasons set forth in the attached Memorandum of Law in Support of Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Clearbrook respectfully requests that its Motion to Dismiss be granted, and that Count II be dismissed with prejudice because Plaintiff's IIED claim is preempted by the Illinois Human Rights Act.

Dated:  July 7, 2008

Devlin J. Schoop
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800

By:  /s/ Devlin J. Schoop
        Devlin J. Schoop, Counsel for Defendant

## **CERTIFICATE OF SERVICE**

Devlin J. Schoop, an attorney, hereby certifies that, on this 7th day of July 2008, he caused the **Defendant's Motion and Memorandum of Law in Support of Defendant's Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** in the above-captioned matter to be filed electronically with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, with a courtesy hard copy personally delivered to the chambers of the Hon. James F. Holderman, and served a copy of the foregoing electronically by operation of the Court's CM/ECF system to plaintiff's counsel of record:

>   Steven A. Miner
>   28 Rolling Hills Drive
>   Barrington, IL  60010

>   /s/ Devlin J. Schoop
>   Devlin J. Schoop, Counsel for Defendant