IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAULETTE E. PAHLKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08CV2589 |
| | ) | |
| CLEARBROOK, an Illinois not for profit corporation, | ) ) | Judge Holderman Magistrate Judge Cox |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF <u>CIVIL PROCEDURE 12( B)(6)</u>**

**I.   INTRODUCTION**

Plaintiff, Paulette Pahlke ("Plaintiff"), has sued her former employer, Clearbrook, an Illinois not for profit corporation that provides services to developmentally disabled individuals, alleging in Count I of her Complaint that Clearbrook violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(b), and alleging in Count II that Clearbrook committed the Illinois common law tort of Intentional Infliction of Emotional Distress ("IIED").  Defendant Clearbrook respectfully requests that this Honorable Court dismiss Count II of Plaintiff's Complaint because the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq*. ("IHRA"), preempts Plaintiff's IIED claim because that claim allegedly arises directly from, and is inextricably intertwined with, alleged discriminatory employment practices that are within the IHRA's exclusive jurisdiction. The IHRA, therefore, provides the sole remedy for Plaintiff's alleged injuries

**II.   BACKGROUND**

This is a "reverse discrimination" action purportedly brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(b).  Plaintiff, Paulette Pahlke ("Plaintiff"), a registered

nurse and former employee of Clearbrook, alleges that she was fired because of her race (Caucasian) after African-American nurses aides allegedly demanded that Clearbrook fire Plaintiff in response to a May 2, 2007 incident where Pahlke neglected her duty when she failed to provide medical care to an African-American client in a timely manner. (Compl. at ¶¶18, 34) The client ultimately died (Compl. at ¶16), and Pahlke alleges that "the African-American Staff members wanted [Plaintiff] terminated and . . . they were going to boycott Clearbrook's employment [sic] if [Plaintiff] was not terminated." (Compl. at ¶18)

Additionally, Plaintiff claims in Count II of her Complaint that her termination -- allegedly caused by the threatened boycott of African-American nurses aides -- constitutes intentional infliction of emotional distress. (Compl. at ¶¶1-26, 30, 31). That is, the discrimination-based allegations Plaintiff makes in Count I of her Complaint also form the factual basis of her IIED claim. More specifically, in Count II of her Complaint, Plaintiff references race discrimination that was "improperly motivated by the threats that [Defendant] had been given by the African-American aides calling for [Plaintiff's] resignation" and that [Defendant] knew that the wrongful termination would cause emotional distress" (Compl. at ¶¶31, 34).

### III.  LEGAL STANDARD

#### A.  Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim.

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Kolupa v. Roselle Park District*, 438 F.3d 713 (7th Cir. 2006). However, the Court is neither bound by the Plaintiff's legal characterizations of the facts, nor is it required to ignore facts set forth in the complaint that undermine the Plaintiff's claims. *Id.* The Court may dismiss a complaint for failure to state a claim for which relief can be granted under Rule 12(b)(6) where,

as here, it is clear from the face of the Plaintiff's Complaint that no relief can be granted under any set of facts consistent with the allegations. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998)

IV.   ARGUMENT

    A.   **Plaintiff's IIED Claim Must Be Dismissed With Prejudice Because This Court Lacks Subject Matter Jurisdiction Over That Claim Because It Is Preempted by the Illinois Human Rights Act**

Plaintiff's IIED claim in Count II must be dismissed because it is preempted by the Illinois Human Rights Act ("IHRA"). Courts have repeatedly held that the IHRA preempts an IIED claim where, as here, the employee's discrimination allegations are inextricably intertwined with her IIED claim. *See e.g.*, *Thomas v. Habitat Co.*, 213 F. Supp.2d 887 (N.D. Ill. 2002) ("[Plaintiff] can allege the elements of a claim for IIED . . . but she [has not done] so independently of the duties created by the IHRA"); *Witt v. County Insurance & Financial Services*, U.S. Dist LEXIS 23524 (N.D. Ill. Nov. 16, 2004) ("Plaintiff claims that she was harmed by defendant's conduct toward her, including denying her a promotion, reassigning her work projects to other employees, threatening to and ultimately taking away her company car while she was on maternity leave . . . [t]hese incidents standing alone, do not support an IIED claim . . . [t]hese actions are inextricably linked to plaintiff's discrimination and retaliation claims"); *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) ("[Plaintiff] based his IIED claim on several statements made by [Defendant's] employees that referred to his mental condition . . . the alleged statements were inextricably linked to [Plaintiff's] disability discrimination claim because they were offensive only to the extent that they referred to [Plaintiff's] disability" and the IIED claim was thus preempted).

The IHRA states that "no court in this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/2-101 (Ill. 1977);

*Quantock v. Shared Marketing Services, Inc.*, 312 F.3d 899, 905 (7th Cir. 2002) (holding that the IHRA preempts an IIED claim where the conduct complained of in the Plaintiff's action is not independent of her allegations of discrimination); *Krocka,* 203 F.3d at 516-17 (same).

In *Maksimovic v. Tsolgalis*, 177 Ill. 2d 511, 687 N.E.2d 21 (1997), the Illinois Supreme Court held that "[w]hether the circuit court may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." The test for analyzing whether a Plaintiff's tort claim is inextricably intertwined with a civil rights violation is to remove all references to the civil rights violation and then assess whether that which remains presents an independently viable tort. *Garcia v. Fry*, 972 F. Supp. 1133, 1140 (N.D. Ill.. 1997). If a Plaintiff's IIED claim depends for its existence on allegations of reverse race discrimination, then those claims are preempted by the IHRA. *Krocka*, 203 F.3d at 516-17. As the Seventh Circuit recently held in *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 605-06 (7th Cir. 2006), the litmus test for IHRA preemption in the context of an IIED claim in that the claim is preempted where, as here, the alleged conduct would not be "extreme and outrageous" absent proof of a civil rights violation. In short, if the Defendant has not engaged in "extreme and outrageous" conduct independent of the alleged discrimination, Plaintiff's IIED claim is preempted by the IHRA. *Naeem*, 444 F. 3d at 605-6.

When stripped of any references to alleged civil rights violations, the crux of Plaintiff's lawsuit is that she was fired, which does not, without more, constitute an actionable tort. Plaintiff's termination is actionable only if she was, as alleged, terminated because she is Caucasian. However, as a matter of clearly established Illinois law, firing someone because of alleged race discrimination is precisely the type of claim that falls within the exclusive

jurisdiction of the IHRA and preempts any claim for IIED. *Veazey v. LaSalle Telecommunications, Inc.*, 334 Ill. App.3d 926 (Ill. App. Ct. 2002) (holding employee who raised claims against employer for terminating him "because he was Black" had no tort basis independent of the IHRA for holding the employer liable). Here, Plaintiff supports her IIED claim in Count II of her Complaint with the exact same allegations she uses to support her Title VII reverse discrimination claim. (*See* Compl. at ¶¶1-26; 28, 30, 34). For example, in Count I, Plaintiff alleges that "[Plaintiff] was terminated because she is white and the African-American Aides [sic] threatening to boycott Clearbrook if no action was taken against [Plaintiff]," and then nearly mimics the same allegation in Paragraph 36 of Count II in support of Plaintiff's IIED claim, alleging "Clearbrook's conduct was improperly motivated by the threats that they had been given by the African American Aides calling for [Plaintiff's] resignation." (*Cf.* Compl. at 19, 34) Moreover, in Count I, Plaintiff alleges that "Clearbrook acted with malice and reckless disregard in terminating [Plaintiff]." (Compl. at ¶23) Plaintiff then incorporates these allegations by reference in support of her state law tort claim in Count II. (*See* Compl. at ¶¶1-26, 28-34) Indeed, Plaintiff states in Count II that she "adopts and realleges paragraphs one through twenty-six of Count I as paragraphs one through twenty-six of this Count II" as the factual bases of Count II. (Compl. ¶¶1-25, Count II) Because the allegations in Count I <u>only</u> address alleged reverse race discrimination under Title VII, it logically follows that there is no independent basis for Plaintiff's tort claim in Count II under *Maksimovic* and *Naeem*. Thus, because Plaintiff supports her state law tort claim with the exact same allegations she uses to support her Title VII claim in Count I, her state law tort claim in Count II is preempted by the IHRA and must be dismissed for failure to state a claim for which relief can be granted.

The only conceivable difference between Plaintiff's discrimination claim in Count I and IIED claim in Count II is that Plaintiff alleges in her IIED claim that she was subjected to "extreme and outrageous" conduct. (Compl. at ¶27)  Significantly, however, this additional allegation does not help Plaintiff here because she then immediately restates her prior allegations that Defendant terminated Plaintiff because of her race, allegedly in response to pressure from African-American co-workers. (Compl. ¶34)  Plaintiff's own allegations therefore demonstrate that her IIED claim is inextricably linked to her discrimination claim because both of her claims arise from the same nucleus of operative fact.  *Hamilton v. Spraying Systems, Inc.*, 2003 U.S. Dist. LEXIS 13824 at *7-9 (N.D. Ill. 2003) (court explained that if the alleged conduct were to be construed as "extreme and outrageous" (which is required to prove an IIED claim), it would be construed as such only to the extent it was motivated by discriminatory-based animus.).  Thus, Plaintiff's IIED claim is preempted, and Count II should therefore be dismissed for failure to state a claim for which relief can be granted due to preemption by the Illinois Human Rights Act.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court enter an Order dismissing Count II with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

Dated:  July 7, 2008

                                                                By:  /s/ Devlin J. Schoop
                                                                     Devlin J. Schoop, Counsel for Defendant

Devlin J. Schoop
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)

**CERTIFICATE OF SERVICE**

    Devlin J. Schoop, an attorney, hereby certifies that, on this 7th day of July 2008, he caused the **Defendant's Motion and Memorandum of Law in Support of Defendant's Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** in the above-captioned matter to be filed electronically with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, with a courtesy hard copy personally delivered to the chambers of the Hon. James F. Holderman, and served a copy of the foregoing electronically by operation of the Court's CM/ECF system to plaintiff's counsel of record:

        Steven A. Miner
        28 Rolling Hills Drive
        Barrington, IL  60010

        /s/ Devlin J. Schoop
        Devlin J. Schoop, Counsel for Defendant