IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Paulette E. Pahlke,            )
    Plaintiff,              )
                            )
        v.                  )   No. 08 CV 2589
                            )
Clearbrook,an Illinois         )
Not for profit corporation,    )
    Defendant.              )

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

To:  Devlin J. Schoop
     Attorney at Law
     Laner Muchin
     515 N. State Street
     Suite 2800
     Chicago, Ill.  60010

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Paulette E. Pahlke ("PAULETTE"), by and through her attorney, Steven A. Miner, requests that the Defendant, Clearbrook, an Illinois not for profit corporation ("CLEARBROOK"), produce for inspection, copying, reproduction or photocopying the documents and electronically stored information, specified below:

INSTRUCTIONS

1.  Documents as described in Exhibit attached to this Notice to Produce Documents, shall be produced by 5:00 p.m. on or before thirty (30) days after the receipt of service, at the offices of Steven A. Miner, 28 Rolling Hills Drive, Barrington Hills, Illinois 60010, or at such other time and place as may be mutually agreed upon by the parties or ordered by the Court.

2.  "Documents" means any written, printed, electronic communication, electronically stored information, typed, recorded photographic matter of any kind, description or nature, including copies of documents that are not identical duplicates of the original, within the possession, custody or control of the Defendant, their employees, agents, attorneys, accountants, or associates persons.  "Documents" include, without limitation, all writings, letters, reports, correspondence, memoranda, or notes of meetings or conversations or of telephone calls, recordings of conversations, either in writing or upon any mechanical or electronic recording device, stenographic or hand written notes, records, books, work papers, reports, telegrams, studios, maps, surveys, manuals, contracts, agreements, publications, minutes, pamphlets, pictures, files, video tapes, cassette tapes, and statistical computations.

    3.    CLEARBROOK shall produce the original of all documents called for herein.  Additionally, CLEARBROOK shall produce any and all copies of documents which bear either mark or notation not present on the original.

    4.    In producing documents called for herein, CLEARBROOK shall segregate the document(s)and/or electronically stored information so as to identify the numbered requested to which such document(s) or electronically stored information responds.

    5.    PAULETTE requests that all documents be produced in hard copy.

                             By: /s/__Steven  A._Miner_____
                                      Attorney for Plaintiff

PROOF OF SERVICE

    I, Steven A. Miner, certify that on July 16, 2008 I caused the foregoing Notice to Produce, in the above captioned matter to be filed electronically with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, with a courtesy copy personally delivered to the chambers of the Honorable James F. Holderman, and served a copy of the foregoing electronically by operation of the Court's CM/ECF system to Defendant's counsel of Record: Devlin J. Schoop, 515 N. State Street, Suite 2800, Chicago, Illinois 60610.

                              By: /s/ Steven A._Miner_____
                                      Attorney for Plaintiff

Steven A. Miner
28 Rolling Hills Drive
Barrington, Ill.  60010
847 551-3135

SCHEUDLE

1. A complete copy of PAULETTE's employment and/or personnel file.

2. A complete copy of the employment and/or personnel file for Lela Chapman AND Kevin Graham.

3. A complete copy of the Medical Professional Meeting notes for the period May 1, 2007 through June 30, 2007.

4. Any notes, memorandum, correspondence, electronic communications or the like which refer, reflect or otherwise relate to PAULETTE's failure to meet the expectations of CLEARBROOK as stated in paragraph 21 of CLEARBROOK's Answer.

5. A copy of the medical instructions that the Clearbrook client, Mary Buris, returned with on May 16, 2007 as stated in paragraph 13 of CLEARBROOK's answer.

6. All notes, memorandum, correspondence, electronic communications, hospital records or the like which refer, reflect or otherwise relate to Mary Buris FROM May 1, 2007 to her date of death.

7. A list of all employees that were working on May 2, 2007.

8. A copy of the surveillance tape for May 2, 2007.

9. A copy of the notes for all aides meetings for the period May 2, 2007 through June 30, 2007.

10. A copy of all Board Meetings for Clearbrook for the period of May and June, 2007 and any other meetings which refer, reflect or otherwise relate to PAULETTE or Mary Buris.

11. The daily communication logs for the period May and June, 2007.

12. The patient charts for Mary Buris for the period May 1, 2007 through her date of death.

13. The names, addresses and telephone numbers of all employees who were working on the night of May 2, 2007.

14. Any incident reports that were written regarding the death of the Clearbrook client, Mary Buris, which refer, reflect or otherwise relate to PAULETTE or Mary Buris.

15. A copy of the time sheets for all aides and nurses for the period May 2, 2007 through June 2, 2007.