IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULETTE E. PAHLKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 C 2589 |
| ) | |
| CLEARBROOK, an Illinois not for profit ) | Judge Holderman |
| corporation, ) | Magistrate Judge Cox |
| ) | |
| Defendant. ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT II
OF PLAINTIFF'S COMPLAINT**

**I.    ARGUMENT**

    **A.    Plaintiff Has Pleaded Herself Out of Court By Alleging Facts Establishing
The "Impenetrable Defense" of Preemption**

In its Opening Brief, Defendant Clearbrook ("Clearbrook") demonstrated that Plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED") -- Count II of Plaintiff's Complaint -- should be dismissed because it is preempted by the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq*. ("IHRA"), insofar as Plaintiff's IIED claim is inextricably intertwined with Plaintiff's allegations that she was terminated because of her race, Caucasian. (*See* Op. Br. at pp. 3-5) Plaintiff's Response Brief concedes, as it must, that under *Naeem v. McKesson Drug Co.*, 444 F.3d 593 (7th Cir. 2006), the litmus test for IHRA preemption in the context of an IIED claim is that the claim is preempted where, as here, the alleged conduct would not be "extreme and outrageous" absent proof of a civil rights violation. (*See* Resp. Br. at pp. 2 – "the question as stated in *Naeem v. McKesson Drug Co. . . .* is whether the necessary elements can be established 'independent of any legal duties furnished by the IHRA'").

Tellingly, Plaintiff's Response Brief ignores that the crux of her lawsuit is her termination *caused by alleged discrimination*. Specifically, in Paragraph No. 31 of her Complaint, Plaintiff alleges that **"Clearbrook knew that the wrongful termination would cause emotional distress."** (*See* Compl. at ¶31) Of course, according to Plaintiff's Complaint, there was nothing wrongful, much less "extreme and outrageous," about Plaintiff's termination unless, as was unequivocally alleged by Plaintiff, the termination was motivated by Plaintiff's race -- Caucasian. As a matter of law, a Rule 12(b)(6) motion to dismiss must be granted where, as here, the Plaintiff has unequivocally alleged facts that show that she has pleaded herself out of court. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998). ("Litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail"). Here, Clearbrook is entitled to prevail because, assuming Plaintiff's allegations are true, her termination was racially motivated, which according to Plaintiff, consequently caused Plaintiff's alleged emotional distress. Thus, Plaintiff's emotional distress claim is inextricably intertwined with her claim of reverse race discrimination and her IIED claim in Count II should therefore be dismissed because it is preempted by the Illinois Human Rights Act.

    **B.    Plaintiff's Other Allegations Cannot Save Count II From Dismissal Because They Fail To State A Cognizable IIED Claim Against Clearbrook**

Having conceded that *Naeem* preempts her IIED claim unless Plaintiff can allege a set of facts that show that Clearbrook has subjected Plaintiff to extreme and outrageous conduct unrelated to her allegedly race-based termination, Plaintiff erroneously asserts that the factual allegations contained in Paragraph Nos. 29[1] and 30[2] of her Complaint state a claim for IIED

---

[1] Paragraph No. 29 states "Clearbrook knew that [Plaintiff] had an ongoing relationship with the client and, regardless of fault, was upset over the death of this client."

independent of her discrimination allegations.  (*See* Resp. Br. at pp. 2-3)  In other words, Plaintiff contends that assuming that the allegations contained in Paragraph No. 29 and 30 are true, they satisfy the necessary elements of IIED without relying on her discrimination claim and, therefore, can survive dismissal based on preemption.  Plaintiff's argument is flawed because even if Plaintiff's allegations are true, which they are not, Plaintiff has pleaded herself out of court by unequivocally alleging a set of facts that show that Clearbrook was neither the actual nor proximate cause of Plaintiff's alleged emotional distress.

First, Plaintiff has failed to accurately recite the elements for IIED.  Under Illinois law, to state a claim for IIED, Plaintiff must allege: (1) extreme and outrageous conduct; (2) intent to cause, or a reckless disregard of the probability of causing emotional distress; (3) severe or extreme emotional distress suffered by the plaintiff; and (4) actual *and proximate causation* of the emotional distress *by defendant's* outrageous conduct.  *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 89-90 (1976) (emphasis added).  Tellingly, Plaintiff's recitation of the elements cites no controlling Illinois case law and conspicuously omits any reference to proximate cause. (*See* Resp. Br. at p. 2)  In so doing, Plaintiff creates the erroneous perception that Clearbrook can be held liable to Plaintiff for "emotional distress" allegedly triggered by Plaintiff learning that a Clearbrook client died due to alleged medical negligence committed not by Clearbrook, but by some unnamed hospital.  Thus, based on Plaintiff's allegations, the "extreme and outrageous" conduct about which Plaintiff complains was committed by an unnamed hospital against an unnamed Clearbrook client; not by <u>Clearbrook</u> against the <u>Plaintiff</u>.

---

[2] Paragraph No. 30 states "Clearbrook knew that the nurses questioned the standard of care at the Hospital because in Agenda Item number 2 of the Medical Professional Meeting it states, 'it was noted by a few of the RN's that the care of clients at NWCH and the condition that they are in when the [sic] return from a hospitalization has been less than acceptable.'"

Under *Public Finance Corp v. Davis*, to state a cognizable claim for IIED, Plaintiff must allege facts showing that the Defendant is the actual <u>and</u> proximate cause of Plaintiff's emotional distress. However, accepting Plaintiff's allegations as true, the death of the Clearbrook client that allegedly triggered Plaintiff's alleged emotional distress was not caused -- actually or proximately -- by Clearbrook. As such, by her own allegations, Plaintiff has demonstrated that she has not, and cannot state a cognizable IIED claim against Clearbrook. Count II should therefore be dismissed with prejudice.

**II.   CONCLUSION**

For the reasons set forth above and in Clearbrook's Opening Brief, Plaintiff's IIED claim in Count II of Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: July 25, 2008

By: /s/ Devlin J. Schoop
Devlin J. Schoop, Counsel for Defendant

Devlin J. Schoop
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)

## CERTIFICATE OF SERVICE

    Devlin J. Schoop, an attorney, hereby certifies that, on this 25th day of July 2008, he caused the **Defendant's Reply Brief in Support of Defendant's Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** in the above-captioned matter to be filed electronically with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, with a courtesy hard copy personally delivered to the chambers of the Hon. James F. Holderman, and served a copy of the foregoing electronically by operation of the Court's CM/ECF system to plaintiff's counsel of record:

> Steven A. Miner
> 28 Rolling Hills Drive
> Barrington, IL  60010

>   /s/ Devlin J. Schoop
> Devlin J. Schoop, Counsel for Defendant